**In re Bernard M. MOGIL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–1508.**

District of Columbia Court of Appeals.

Submitted Oct. 25, 2000.

Decided Nov. 16, 2000.

---

**34** ■ ■

Before TERRY and FARRELL, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

In this uncontested disciplinary matter, we deal with a New York County Court Justice who was disbarred in that State after being removed from office. The Board on Professional Responsibility has recommended, without exception from Bar Counsel, disbarment from the Bar of this court for conduct reflected in six charges forming the basis for disbarment in New York. The charges and findings show that respondent threatened and made crude and *ad hominem* public attacks and characterizations on and about an attorney and thereafter gave false testimony to the New York Commission on Judicial Conduct respecting four aspects of the investigation.

On consideration of the Board on Professional Responsibility's recommendation of reciprocal disbarment of respondent by virtue of his disbarment in New York, the presumption in favor of identical discipline and of our limited scope of review (*see In re Zilberberg*, 612 A.2d 832, 834 (D.C. 1992)), the records forwarded by the New York authorities, Rule XI of the District of Columbia Bar Rules, and the failure of respondent to contest the Board's Report and Recommendation which acts as a concession that reciprocal discipline is warranted (*see In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995)), it is

ORDERED that the Board's recommendation is adopted and respondent is hereby disbarred in the District of Columbia, retroactively effective September 22, 1997, the date of this court's initial suspension order pursuant to D.C. Bar R. XI, § 11(d).[1]

---

1. D.C. Bar R. XI, § 14(g) mandates the filing of an affidavit by a disbarred or suspended attorney within ten days of an order imposing such discipline. Since neither Bar Counsel nor the Board has objected to the affidavit filed by respondent at the time of his original suspension, we treat it as satisfactory for § 14(g) purposes herein.